**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 2:06-cr-205-WHA |
| | ) | |
| SEBASTIAN K. SMITH, JR. | ) | |

**MOTION FOR DOWNWARD DEPARTURE**

**COMES NOW** the Defendant, **SEBASTIAN K. SMITH, JR.**, by Undersigned Counsel, Donnie W. Bethel, and, pursuant to U.S.S.G. §4A1.3(b), respectfully moves this Court for a downward departure of one level in Mr. Smith's offense level, because Mr. Smith's criminal history category substantially overstates the seriousness of his criminal history.

    1.    On October 10, 2006, Mr. Smith pled guilty to theft of a handgun.

    2.    Sentencing in this case is scheduled for February 7, 2007.

    3.    On Monday, January 29, 2007, via e-mail, the Probation Officer forwarded a revised presentencing investigation report (PSR) to Undersigned Counsel.  In the revised PSR Mr. Smith's total offense level was revised from level 12 to level 13, with a criminal history category of II.  This revision is significant because the revised offense level moved Mr. Smith from Zone B of the sentencing table to Zone C of the sentencing table.  At the time the Probation Officer forwarded the revised PSR, Undersigned Counsel was out of the office on sick leave.  He returned to the office on Wednesday, January 31, 2007.  He reviewed the PSR with Mr. Smith on Friday, February 2, 2007, and discussed the PSR with

the Probation Officer on Monday, February 5, 2007.

    4.    Mr. Smith has a criminal history category of II based on two municipal court convictions, each of which is worth one criminal history point. With one prior municipal court conviction, Mr. Smith would be in criminal history category I; the second of these municipal court convictions just pushes Mr. Smith into criminal history category II. By contrast, for example, if Mr. Smith's criminal history instead included a misdemeanor conviction for which he received a sentence of one year and a felony conviction for which he received a sentence of ten years, he would have four criminal history points, but he would still be in criminal history category II. In other words, Mr. Smith has the bare minimum criminal history that would push him into criminal history category II. If Mr. Smith's criminal history were in the slightest way less serious than two municipal court convictions, he would be in criminal history category I.

    5.    One of Mr. Smith's municipal court convictions is for domestic violence, third degree, for which he served five days in jail. This municipal court conviction has an unreasonably harsh impact on Mr. Smith's total offense level. Because the conviction was for domestic violence, Mr. Smith is a prohibited person under 18 U.S.C. §922(g)(9), and his base offense level increases from level 12, which it otherwise would have been under U.S.S.G. §2K2.1(a)(7), to level 14, pursuant to U.S.S.G. §2K2.1(a)(6). Further, because Mr. Smith's base offense level is calculated using U.S.S.G. §2K2.1(a)(6), he receives a two-level increase in his offense level pursuant to U.S.S.G. §2K2.1(b)(4) because the gun was stolen; Mr. Smith would not receive this enhancement if his offense level were calculated using

§2K2.1(a)(7). See U.S.S.G. §2K2.1 Application Note 8(A). So, in this case, because Mr. Smith's prior municipal court conviction was for domestic violence, his total offense level actually increases four levels: his offense level is bumped up to 16, rather than 12. Even after Mr. Smith receives a third point for acceptance of responsibility at the higher offense level, he still has a total offense level that is three levels higher than it otherwise would be: 13, rather than 10. Such a significant increase, merely because of the particular nature of the underlying municipal court conviction, simply isn't reasonable and further substantially overstates Mr. Smith's criminal history.

6.     Therefore, Mr. Smith contends that a reduction in his offense level of just one level would be a reasonable remedy for a criminal history category that substantially overstates the seriousness of his criminal history

**WHEREFORE**, Mr. Smith respectfully requests that the Court grant this Motion for a Downward Departure.

Dated this 5th day of February, 2007.

Respectfully submitted,

s/ Donnie W. Bethel
DONNIE W. BETHEL
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail:don_bethel@fd.org
IN Bar Code: 14773-49

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | Case No.: 2:06-cr-205-WHA |
| ) | |
| **SEBASTIAN K. SMITH, JR.** ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Christopher Snyder, Esq., Assistant U. S. Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

    Respectfully submitted,

    s/ Donnie W. Bethel
    DONNIE W. BETHEL
    Assistant Federal Defender
    201 Monroe Street, Suite 407
    Montgomery, Alabama 36104
    Phone: (334) 834-2099
    Fax: (334) 834-0353
    E-mail:don_bethel@fd.org
    IN Bar Code: 14773-49